MARIO ANGEL ABRAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Abram v. Commissioner
Docket No. 6464-72.
United States Tax Court
T.C. Memo 1974-136; 1974 Tax Ct. Memo LEXIS 182; 33 T.C.M. (CCH) 618; T.C.M. (RIA) 74136; May 29, 1974, Filed. *182 Jerome Lewis, for the petitioner. William K. Carr, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1970 in the amount of $2,418.47 and an addition to tax under section 6653(a), I.R.C. 1954, in the amount of $120.92. Some of the issues raised in the pleadings have been conceded by petitioner, leaving for our determination whether respondent properly increased petitioner's income as reported by $4,596 of tip income. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner's legal residence at the time of the filing of the petition in this case was New York, New York. He filed his Federal income tax return for the calendar year 1970 with the district director of Internal Revenue, Manhattan, New York. On his return he computed his taxable income on the cash basis of accounting. Petitioner is a beautician. During the first 8 or 9 months of 1970, petitioner worked for a beauty shop located on East 70th Street in New York that operated under the name of Pierre and Fred Hairstylists, Inc. He received a *183 salary of $200 a week. At any time that he brought into the shop gross weekly receipts of $400, which was twice his salary, he received a 40 percent commission on all additional work he did during that week. In the latter part of 1970 petitioner worked for a beauty shop located on East 72nd Street in New York, named Lupe Z Inc. He had the same arrangement of salary of $200 a week and commissions of 40 percent if he did work to bring in gross receipts in excess of twice his weekly salary. Petitioner missed no weeks of work during 1970, starting work at Lupe Z Inc. the Monday following his leaving the employ of Pierre and Fred the preceding Saturday. Each of the beauty salons where petitioner worked charged $6 for a shampoo and set. Petitioner usually received a $1 tip from each person whose hair he shampooed and set. In addition to giving shampoos and sets, petitioner did other work such as hair cuts or styling of long hair. The charges for these services were more than the charges for a shampoo and set. Generally, petitioner had less customers on Monday, Tuesday and Thursday than he had on Friday and Saturday. Petitioner did not work on Wednesday. Some weeks petitioner *184 did not bring in gross receipts of as much as the $200 salary he received. In other weeks petitioner did work that brought in gross receipts in excess of $400 and received a 40 percent commission on the excess. Petitioner reported to his employers that he had received tips of $30 a week. Petitioner kept no record of any type of the tips he actually received. Petitioner received a form W-2 from Pierre and Fred Hairstylists, Inc., showing that he had been paid wages of $8,212.03 during the year 1970 and that no amount of tips reported by the employee was included. He received a form W-2 from Lupe Z Inc., showing that he had been paid a total of $980. The space provided on this form W-2 for reporting whether any tips reported by the employee were included was left blank. On his Federal income tax return petitioner reported as total wages, tips, etc., the amount of $9,192.03, which is the total amount reported on the W-2 forms furnished petitioner by his two employers. Respondent in his notice of deficiency increased petitoner's reported income by $4,596 with the explanation that this represented additional taxable income from tips received in his employment as a hair stylist. *185 OPINION The issue here is purely factual. Petitioner testified that he reported $30 a week tips to each of his employers but the evidence shows that not only were no tips included on the W-2 forms he received from his employers but his total wages were not included on these forms, if in fact, he did receive $200 a week salary for each of the 52 weeks in the year 1970 which he testified he did. Petitioner in his testimony gave no reason why he reported $30 a week tips to his employers. When questioned he merely answered that he did not know. Petitioner's testimony is confusing. He was unable to explain why he would report the same amount of tips to his employers on weeks he did work totaling less than $200 as he reported on weeks when he did work totaling over $400. Petitioner was the only witness. His testimony is totally inadquate to show the amount of tips he received. Because of petitioner's failure to carry his burden of proof, we sustain respondent's determination. Decision will be entered for respondent.